IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM MORGAN, ELIZABETH NORDEN, DAVID VAUGHT, DORIS DAVENPORT, ANDREA RAILA, JACKSON PALLER, and the COMMITTEE FOR THE ILLINOIS DEMOCRACY AMENDMENT, an unincorporated political association, ) ) ) ) ) ) ) ) ) | CASE NO. |
| Plaintiffs, ) ) | Honorable Judge |
| JESSE WHITE, in his official capacity as Illinois Secretary of State, DEVON REID, in his official capacity as the Evanston City Clerk, KAREN A. YARBROUGH, in her official capacity as Cook County Clerk, and WILLIAM J. CADIGAN, KATHERINE S. O'BRIEN, LAURA K. DONAHUE, CASSANDRA B. WATSON, WILLIAM R. HAINE, IAN K. LINNABARY, CHARLES W. SCHOLZ, WILLIAM M. MCGUFFAGE, in their official capacities as Board Members for the Illinois State Board of Elections, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**VERIFIED COMPLAINT FOR EMERGENCY DECLARATORY AND INJUNCTIVE RELIEF**

**NATURE OF THE CASE**

1. This is an action to enjoin or modify Illinois petition collection requirements for

initiative referendums to be placed on the November 3, 2020 general election ballot and

1

to enable and require the Defendants to accommodate the constitutional rights and interests of the Plaintiffs and the general public in light of the current public health emergency caused by the novel coronavirus and the Governor's shelter-in-place emergency orders.

2. Under current circumstances, the Plaintiffs and Illinois voters are forced to choose between their health and their rights to petition and vote. Reforms and modifications to Illinois' initiative referendum election procedures in light of the COVID-19 pandemic are appropriate.

## PARTIES

3. Plaintiff William Morgan is an Illinois registered voter and the Chairman of the Committee for the Illinois Democracy Amendment. Plaintiff Morgan has begun an initiative petition drive for a constitutional amendment referendum on the Illinois Democracy Amendment pursuant to Article XIV, Section 3 of the Illinois Constitution. **Exhibit 1, Morgan Declaration**.

4. Plaintiff Elizabeth Norden is an Illinois registered voter who wishes to circulate an initiative petition for a constitutional amendment referendum on the Illinois Democracy Amendment pursuant to Article XIV, Section 3 of the Illinois Constitution. **Exhibit 2, Norden Declaration**.

5. Plaintiff David Vaught is a 72-year-old Illinois registered voter who wishes to circulate an initiative petition for a constitutional amendment referendum on the Illinois

Democracy Amendment pursuant to Article XIV, Section 3 of the Illinois Constitution. **Exhibit 3, Vaught Declaration**.

6. Plaintiff Doris Davenport is an Illinois registered voter who wishes to circulate an initiative petition for a constitutional amendment referendum on the Illinois Democracy Amendment pursuant to Article XIV, Section 3 of the Illinois Constitution. **Exhibit 4, Davenport Declaration**.

7. Plaintiff Andrea Raila is a 61-year-old Illinois registered voter who wishes to circulate an initiative petition for a constitutional amendment referendum on the Illinois Democracy Amendment pursuant to Article XIV, Section 3 of the Illinois Constitution. **Exhibit 5, Raila Declaration**.

8. Plaintiff Jackson Paller is an Illinois registered voter who wishes to circulate an initiative petition for a constitutional amendment referendum on the Illinois Democracy Amendment pursuant to Article XIV, Section 3 of the Illinois Constitution. Plaintiff Paller also wishes to circulate an initiative petition for a local government referendum in Evanston, Illinois pursuant to Article VII, Section 11 of the Illinois Constitution. **Exhibit 6, Paller Declaration**.

9. Plaintiff Committee for the Illinois Democracy Amendment is an unincorporated political association registered as a ballot initiative committee with the Illinois State Board of Elections. **See Exhibit 1, Morgan Declaration**.

10. Defendant Jesse White is the Illinois Secretary of State who is constitutionally authorized to accept filings of petitions for constitutional amendments pursuant to Article XIV, Section 3 of the Illinois Constitution.

11. Defendant Devon Reid is the Evanston City Clerk whose office is responsible for all matters involving local elections in Evanston, Illinois and is authorized to accept filings of local government initiative referendums for Evanston pursuant Article VII, Section 11 of Illinois Constitution and to certify those referendums to the Cook County Clerk for ballot placement.

12. Defendant Karen A. Yarbrough is the Cook County Clerk whose office is responsible for placing on the election ballot any Article VII initiative referendum questions certified by the clerks of suburban Cook County municipalities, including the Evanston City Clerk.

13. Defendants William J. Cadigan, Katherine S. O'Brien, Laura K. Donahue, Cassandra B. Watson, William R. Haine, Ian K Linnabary, Charles W. Scholz, and William M. McGuffage, are members of the Illinois State Board of Elections and are empowered to enforce and administer Illinois election laws.

**JURISDICTION AND VENUE**

14. This Court has jurisdiction over the subject matter of this action by virtue of U.S.C. § 1331 (federal question jurisdiction), this being a case arising under the United

States Constitution and 42 U.S.C. § 1983; 28 U.S.C. § 2201 (authorizing declaratory relief); and 28 U.S.C. § 2202 (authorizing injunctive relief).

15. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(e) and 1402(a) and 5 U.S.C. § 703.

## FACTUAL BACKGROUND

16. Article XIV, Section 3 of the Illinois Constitution provides that

> Amendments to Article IV of this Constitution may be proposed by a petition signed by a number of electors equal in number to at least eight percent of the total votes cast for candidates for Governor in the preceding gubernatorial election. Amendments shall be limited to structural and procedural subjects contained in Article IV. A petition shall contain the text of the proposed amendment and the date of the general election at which the proposed amendment is to be submitted, shall have been signed by the petitioning electors not more than twenty-four months preceding that general election and shall be filed with the Secretary of State at least six months before that general election. The procedure for determining the validity and sufficiency of a petition shall be provided by law. If the petition is valid and sufficient, the proposed amendment shall be submitted to the electors at that general election and shall become effective if approved by either three-fifths of those voting on the amendment or a majority of those voting in the election.

17. Article VII, Section 11 of the Illinois Constitution provides that

> (a) Proposals for actions which are authorized by this Article or by law and which require approval by referendum may be initiated and submitted to the electors by resolution of the governing board of a unit of local government or by petition of electors in the manner provided by law.
> (b) Referenda required by this Article shall be held at general elections, except as otherwise provided by law. Questions submitted to referendum shall be adopted if approved by a majority of those voting on the question unless a different requirement is specified in this Article.

18. Article III, Section 3 of the Illinois Constitution provides that "[a]ll elections shall be free and equal."

19. On May 27, 2019, both houses of the Illinois General Assembly adopted Senate Joint Resolution Constitutional Amendment 1, which placed a Constitutional Amendment referendum for an amendment known as the "Fair Tax Amendment," on the ballot for the November 3, 2020 general election, pursuant to Article XIV, Section 2 of the Illinois Constitution.

20. The deadline for the Illinois General Assembly to place a Constitutional Amendment referendum on the ballot, pursuant to Article XIV, Section 2, is May 3, 2020.

21. On November 14, 2019, the Illinois General Assembly adopted a resolution creating the Illinois Joint Commission on Lobbying and Ethics Reform. This body was charged with examining current Illinois legislation regarding ethics, soliciting feedback from experts and the general public, and releasing a final report with its review and recommendations by no later than March 31, 2020.

22. Sometime around December 2019, an outbreak of respiratory disease now known as COVID-19, or coronavirus, emerged in Wuhan, China.

23. Since then, the outbreak has spread to the majority of the world, with the United States reporting the most cases.

24. On February 27, 2020, the Centers for Disease Control issued guidance in response to COVID-19 which recommended, among other things, the practice of social distancing.

25. On March 9, 2020, the Governor of Illinois proclaimed the entire state a disaster area[1] and later banned gatherings of 1,000 people or more and closed all schools, restaurants, and bars.[2]

26. On March 11, 2020, the World Health Organization declared COVID-19 to be a global pandemic.

27. On March 13, 2020, the President of the United States declared a national emergency.

28. On March 15, 2020, the Illinois General Assembly suspended session indefinitely due to the COVID-19 pandemic.

29. On March 20, 2020, the Governor of Illinois ordered everyone to shelter at home with the exception of "essential" activities and services, and to maintain six foot distance from others.[3]

30. On March 31, 2020, the co-chairs of the Commission on Lobbying and Ethics Reform stated that due to the COVID-19 pandemic, the commission would be unable to reach the March 31, 2020 deadline and would need more time.

---

[1] https://www2.illinois.gov/sites/gov/Documents/APPROVED%20-%20Coronavirus%20Disaster%20Proc%20WORD.pdf.
[2] https://www2.illinois.gov/Pages/Executive-Orders/ExecutiveOrder2020-04.aspx.
[3] https://www2.illinois.gov/Pages/Executive-Orders/ExecutiveOrder2020-10.aspx.

31. The Governor's shelter at home and social distancing order is in effect until at least April 30, 2020.[4] Because of the uncertainty of this health crisis, it is unknown when the order will be lifted or when petition passing may resume.

32. Circulating initiative petitions is not listed as an "essential" activity under the Governor's order. The health crisis coupled with the Governor's orders makes it impossible to gather signatures in Illinois. In addition, gathering signatures during the health crisis would endanger the health of the circulators and that of the public at large.

33. A number of states have taken action to protect the constitutional right to petition and vote in the midst of this health crisis. For example, on March 19, 2020, the Governor of New Jersey issued an executive order to the Secretary of State to implement online petitioning and signature collection.[5] On April 2, 2020, Florida's Secretary of State signed an emergency order allowing for the collection of petition signatures online.[6] Moreover, the Arizona Secretary of State has provided an online petitioning mechanism for candidates since 2011.[7] On March 14, 2020, the Governor of New York issued an executive order reducing the required number of petition signatures for all petitions for ballot access to 30% of the state threshold.[8]

---

[4] https://www2.illinois.gov/Pages/Executive-Orders/ExecutiveOrder2020-18.aspx
[5] https://www.state.nj.us/state/elections/assets/pdf/candidate/EO-105.pdf
[6] https://dos.myflorida.com/media/702874/1ser20-2.pdf
[7] https://apps.azsos.gov/equal/
[8] https://www.governor.ny.gov/news/amid-covid-19-pandemic-governor-cuomo-signs-executive-order-temporarily-modifying-election

34. In order for Plaintiffs' constitutional amendment referendum to qualify for the November 3, 2020 general election, they must submit 363,813 initiative petition signatures to the Illinois Secretary of State by May 3, 2020. See Article XIV, Section 3 of the Illinois Constitution and Section 28-9 of the Illinois Election Code.

35. For the Evanston local initiative referendum to qualify, Plaintiff Paller must submit 2,800 signatures to the Evanston City Clerk by August 3, 2020. See Article VII, Section 11 of the Illinois Constitution and Section 28-7 of the Illinois Election Code.

36. Apart from judicial relief, the Plaintiffs have no way to exercise their right to petition and speech without jeopardizing their health and health of the general public.

## COUNT I
## RIGHT TO PETITION AND SPEECH

37. The allegations contained in all preceding paragraphs are incorporated here by reference.

38. Plaintiffs' rights to petition and speech are protected by the First Amendment to the United States Constitution in conjunction with Article XIV, Section 3, Article VII, Section 11, Article III, Section 3 of the Illinois Constitution. Section 28 of the Illinois Election Code also requires statewide and local initiative referendum petition sheets to contain a sworn and notarized affidavit of the petition circulator that he personally witnessed the signatures of all signers of the petition and the notary attesting that he witnessed the signature of the circulator. In addition, initiative petition signatures must be handwritten by the signer on a paper petition. Finally, the paper initiative petition

pages must be bound and filed in one book with the appropriate officer as designated by Article VII or Article XIV of the Illinois Constitution.

39. Under the circumstances, the Illinois petition collection requirements unduly burden and violate Plaintiffs' rights to petition and speech.

40. A real and actual controversy exists between the parties.

41. Plaintiffs have no actual remedy at law other than this action.

42. Plaintiffs are suffering, and will continue to suffer, irreparable harm until they obtain relief from this Court.

**WHEREFORE**, Plaintiffs respectfully pray that the Court grant the relief set forth in the prayer for relief below.

## COUNT II
## RIGHT TO EQUAL PROTECTION AND DUE PROCESS

43. The allegations contained in all preceding paragraphs are incorporated here by reference.

44. Under the present circumstances, Illinois' petition collection requirements unduly burden and violate Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as well as Article I, Section 2, Article III, Section 3, Article VII, Section 11, and Article XIV, Section 3 of Illinois Constitution.

45. A real and actual controversy exists between the parties.

46. Plaintiffs have no actual remedy at law other than this action.

47. Plaintiffs are suffering, and will continue to suffer, irreparable harm until they obtain relief from this Court.

**WHEREFORE**, Plaintiffs respectfully pray that the Court grant the relief set forth in the prayer for relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

A. Assume original jurisdiction over this matter;

B. Issue a temporary restraining order and/or preliminary injunction (i) enjoining or modifying enforcement of Illinois' petition collection requirements for initiative referendums for Illinois' November 3, 2020 general election; and (ii) enabling and requiring the Defendants to allow for petitions to be submitted electronically via names of qualified electors collected by an online form to be created by the Secretary of State; extend the May 3, 2020 deadline for an Article XIV, Section 3 referendum to August 3, 2020; and reduce by 50% the number of signatures required to qualify statewide and Evanston initiative referendums for the general election ballot or some percentage of required signatures necessary to demonstrate substantial public support;

C. Issue a declaratory judgment stating that, in light of the current public health emergency caused by the novel coronavirus and executive orders requiring that

Illinois citizens stay at home and shelter in place, Illinois' petition collection requirements for qualifying Article XIV and Article VII referendums for the general election cannot be constitutionally enforced;

D. Issue a permanent injunction prohibiting enforcement of Illinois' petition collection requirements for Article XIV and Article VII referendums for the November 3, 2020 general election;

E. Order Defendants to pay to Plaintiffs their costs and reasonable attorneys' fees under 42 U.S.C. § 1988(b);

F. Grant such other relief as this Court deems appropriate.

Respectfully submitted this 7th day of April, 2020.

**/s/ WILLIAM MORGAN, ET AL.,**

John Mauck
Sorin A. Leahu
Mauck & Baker, LLC
1 N. LaSalle Street, Suite 600
Chicago, IL 60602
312-726-1243
Jmauck@mauckbaker.com
sleahu@mauckbaker.com

Pat Quinn
216 N. Jefferson #200
Chicago, IL 60661
312-485-1852
Ltg.patquinn@gmail.com

## **VERIFICATION**

Under penalties as provided by law, the undersigned certifies that the statements set forth in the "Verified Complaint for Declaratory and Injunctive Relief" are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
**William Morgan**